James J. Panzini (Bar ID: 022101990)
Katherine M. DiCicco (Bar ID: 238492017)
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Suite 101
Tinton Falls, New Jersey 07724
T: (732) 532-6148
F: (732) 842-0301
Attorney for Defendant Aten Technology, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYDNEY GUERRERO, <br><br> Plaintiff, <br><br> v. <br><br> ATEN TECHNOLOGY, INC.; and John Does 1-5 and 6-10, <br><br> Defendants. | Hon. _____, U.S.D.J. <br> Civil Action No. ____ - _____ (__/__) <br><br><br> **NOTICE AND PETITION** <br> **FOR REMOVAL OF CASE FROM THE** <br> **SUPERIOR COURT OF NEW JERSEY,** <br> **LAW DIVISION, SOMERSET COUNTY** |

TO:  Clerk, United States District Court for the District of New Jersey
     Clarkson S. Fisher Building & U.S. Courthouse
     402 East State Street
     Trenton, New Jersey 08608

     Joann V. Diaz, Esq.
     Law Offices of Eric A. Shore
     4 Echelon Plaza
     201 Laurel Road, 8th Floor
     Voorhees, New Jersey 08043

Defendant Aten Technology, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice and Petition For Removal of a Case from the Superior Court of New Jersey, Law Division, Somerset County, bearing Docket No. SOM-L-123-19, and as grounds for removal allege as follows:

1.     On January 30, 2019, Plaintiff Sydney Guerrero ("Plaintiff") filed a civil action

captioned *Sydney Guerrero v. Aten Technology, Inc.; and John Does 1-5 and 6-10*, Docket No. SOM-L-123-19, in the Superior Court of New Jersey, Law Division, Somerset County. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2. Defendant was served with a copy of the summons and complaint on February 26, 2019, which is within thirty (30) days of the filing of this notice and petition for removal. The summons and complaint were the initial pleadings received by Defendant setting forth the claims upon which Plaintiff's action is based. A true and correct copy of the Civil Action Summons is attached hereto as Exhibit B.

3. This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Defendant has effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. *See* 28 U.S.C. § 1446.

4. No proceedings have taken place in the state court action. Defendant has not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey, except to file a notice of this removal petition pursuant to 28 U.S.C. §1446(d).

## REMOVAL BASED ON DIVERSITY JURISDICTION

5. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because it is a civil action between citizens of a state and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This case may therefore be removed pursuant to 28 U.S.C. § 1441.

6. 28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

and division embracing the place where such action is pending."

7.      This action is one over which this Court has original jurisdiction. Pursuant to 28 U.S.C. § 1332(a)(2), the district courts have original jurisdiction of all civil actions between citizens of a State and citizens or subjects of a foreign state where the matter in controversy exceeds the sum or value of $75,000.

8.      In this matter, there is complete diversity of citizenship between Plaintiff and Defendant. At the time of the filing of the subject Complaint and the filing of this removal petition, Plaintiff was and is a citizen and resident of Monmouth County, New Jersey. *See* Exhibit A. The named Defendant, Aten Technology, Inc., is and has been, both upon the filing of the complaint on January 30, 2019, and the filing of this removal petition, a corporation duly created and organized under the laws of the State of California, with a principal place of business in Irvine, California. A true and correct copy of the long form standing certificate for Aten Technology, Inc. is attached hereto as Exhibit C.

9.      Plaintiff seeks recovery of compensatory damages, punitive damages, attorneys' fees, and costs, but has not specifically enumerated the amount in controversy in his Complaint. However, the fact that a Complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 397-98 (3d Cir. 2004); *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514 (D.N.J. 2007) (legal certainty test satisfied by demand for compensatory damages, punitive damages, and attorneys' fees).

10.     In this case, Plaintiff alleges wrongful termination and discrimination based on age

3

and race/ethnicity in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. The entire amount in controversy appears to contemplate an amount exceeding the sum or value of $75,000. In the Complaint, Plaintiff seeks compensatory damages, including back pay, front pay, and benefits, interest, attorneys' fees and enhancements, costs of suit, and other such relief as the Court deems to be equitable and just. Given the relief requested by Plaintiff, Defendant submits the amount in controversy well exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional threshold of $75,000 is satisfied.

11. Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(2). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

12. Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

## VENUE

13. Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because the state action was filed in this District and this is the judicial district in which the action arose.

## NOTICE

14. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Somerset County.

**WHEREFORE**, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Somerset County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Suite 101
Tinton Falls, New Jersey 07724
T: (732) 532-6148
F: (732) 842-0301
Attorney for Defendant Aten Technology, Inc.

By: _____
James J. Panzini
Katherine M. DiCicco

Dated: March 27, 2019

4816-5018-8937, v. 1

5

# EXHIBIT A

**LAW OFFICES OF ERIC A. SHORE**
**JoAnn V. Diaz, Esquire**
Attorney ID: 01204-1997
4 Echelon Plaza
201 Laurel Road ~ 8th Floor
Voorhees, New Jersey 08043
(856) 761-3735
(856) 433-6230 - Telefax
JoAnnD@EricShore.com
Attorney for Plaintiff, Sydney Guerrero

| | |
|---|---|
| **SYDNEY GUERRERO**<br>        **Plaintiff,**<br><br>                vs.<br><br>**ATEN TECHNOLOGY, INC.; and,**<br>**John Does 1-5 and 6-10**<br>        **Defendant** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**SOMERSET COUNTY**<br><br>Docket Number<br><br>_____<br><br>Civil Action |

## COMPLAINT WITH JURY DEMAND

On behalf of the Plaintiff
Sydney Guerrero

Plaintiff, Sydney Guerrero, residing in Monmouth County, New Jersey, by way of Complaint against the Defendant, says:

### Preliminary Statement

This case is brought under New Jersey Law Against Discrimination ("LAD") for Discrimination on the basis of Race/Ethnicity and on the basis of Age.

### Identification of Parties

1.   Plaintiff, Sydney Guerrero (hereinafter "Plaintiff"), is a resident of the State of New Jersey and was, at all relevant times herein, an employee of Defendant, ATEN Technology, Inc.

2.   Defendant, ATEN Technology, Inc. (hereinafter "Defendant"), is a Taiwanese company which has a corporate entity doing business in the State of New Jersey, with a business address of 220 Davidson Avenue, Suite 404, Somerset, New Jersey, 08873, and at all relevant times herein, was the employer of the Plaintiff, jointly and severally.

3.   Defendant, John Does 1-5 and 6-10 are individuals and/or entities who, on the basis of *respondeat superior* or on the basis of their own acts, are liable to the Plaintiff for the reasons set forth in this Complaint.

### General Allegations

4.   Plaintiff is 53 year old Hispanic man, who began working for Defendant on June 1, 2015, as a Director of Sales.

5.   At all relevant times, Plaintiff met, and at all times exceeded the expectations of the position of Director of Sales.

6.   Plaintiff was one of only a few non-Asian employees working at ATEN.

7.   During the course of his employment, Plaintiff accomplished significant improvement in sales at a rate of 124% during his first year.

8.   During the course of his employment, Plaintiff was subjected to discrimination and a hostile work environment because of his race and/or ethnicity and/or age.

9.   Over the course of his employment with ATEN, Plaintiff was treated differently than his Asian counterparts.

10. Plaintiff asked for staffing assistance, including without limitation a local eastern technical support team, and while Defendant assured him he would receive the assistance other Asian colleagues had received, it was never provided to Plaintiff.

11. Plaintiff and the team of employees reporting to him were provided with very minimal technical support; yet, other teams performing similar duties who were led by Asian Sales Directors were provided with technical supported they needed and/or requested.

12. Despite being treated disparately compared to his Asian counterparts, Plaintiff continued to perform extraordinarily well and secure accounts and make sales for the New Jersey office that surpassed the results achieved by his Asian counterparts.

13. ATEN, however, did not always give credit to Plaintiff for sales he achieved and often Plaintiff's sales and accounts were excluded from Plaintiff's sales reports.

14. Plaintiff began to notice attempts made by his Asian counterparts to steal accounts earned by Mr. Guerrero from him so as to be transferred to less successful, Asian colleagues.

15. Plaintiff took an independent detailed review of his year's worth of sales which revealed $138,000 in unaccounted-for sales made to one (1) specific customer, which Plaintiff had secured but which was not appearing on his account.

16. Plaintiff complained and reported the issues to Mariano Tellarini, ATEN's Controller, who declined to provide any assistance to Plaintiff or conduct a review or investigation into his sales orders in question.

17. In continuation of the hostile work environment and discrimination suffered by Plaintiff on the basis of his race and/or ethnicity and age, Defendant ostracized Plaintiff in several areas including, without limitation, speaking in the office and in the monthly management video

conferencing meetings which were conducted in Chinese, which Plaintiff does not speak, and further by not associating with Plaintiff in the office.

18. On or about November 28, 2017, ATEN abruptly terminated Plaintiff's employment, allegedly and vaguely for a violation of a policy.

19. At the time of his termination, Plaintiff had not received any performance counseling, any written warning (written or verbal) and was not on any performance improvement plan.

20. At the time of his termination, Plaintiff was performing the duties of his position and achieving favorable sales results.

21. It terminating Plaintiff, Defendant did not follow its own policies, procedures and/or practices with regard to discipline and/or termination.

22. Plaintiff's termination was discriminatory as well as retaliatory on the basis of race and/or ethnicity as well as his age.

23. Plaintiff was one of approximately three directors who were over fifty (50) years of age and who terminated within the six month period.

24. Any other reason the Defendant offers for Mr. Guerrero's termination is pretext.

## COUNT I
## NEW JERSEY LAW AGAINST DISCRIMINATION – RACE/ETHNICITY

25. Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth therein.

26. Plaintiff was subjected to discrimination on the basis of race and/or ethnicity within the meaning of the New Jersey Law Against Discrimination (LAD).

27. Plaintiff had been performing his job duties up to and at times exceeding the legitimate expectations of his employer.

28. Defendant's decision to discriminate and terminate Plaintiff was determined in part and/or motivated in part by Plaintiff's race and/or ethnicity.

29. Any other reason offered for the Plaintiff's termination is pretext.

30. Because the unlawful discrimination and/or termination was undertaken by intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendant ATEN and John Does 1-5 and 6-10, and in the alternative, together with compensatory damages, punitive damages, costs of suit, attorney's fee and enhancements, interest and any other relief the court deems equitable and just.

## COUNT II

### NEW JERSEY LAW AGAINST DISCRIMINATION – AGE

31. Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

32. Plaintiff was subjected to discrimination on the basis of age within the meaning of the New Jersey Law Against Discrimination (LAD).

33. Plaintiff had been performing his job duties up to and at all times exceeding the legitimate expectations of his employer.

34. Plaintiff was treated less favorably than significantly younger counterparts.

35. Defendant's decisions to discriminate and terminate Plaintiff was determined in part and/or motivated in part by Plaintiff's age.

36. Any other reason offered for the Plaintiff's termination is pretext.

37. Because the unlawful discrimination and/or termination was undertaken by intentionally, egregiously, maliciously and with a willful or wanton disregard for the rights of the Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff demands judgment against the Defendant ATEN and John Does 1-5 and 6-10, and in the alternative, together with compensatory damages, punitive damages, costs of suit, attorney's fee and enhancements, interest and any other relief the court deems equitable and just.

## COUNT III

## <u>EQUITABLE RELIEF</u>

38. The Plaintiff hereby repeats and re-alleges the preceding and succeeding paragraphs as though fully set forth herein.

39. The Plaintiff requests this Court declare the practices stated herein to be a violation of the LAD.

40. The Plaintiff requests equitable back pay, equitable front pay, and all benefits received by the Plaintiff.

41. The Plaintiff requests Defendants purge their files of any reference to Plaintiff's termination which this Court finds in violation of the LAD.

42. The Plaintiff requests any other equitable relief this Court deems reasonable and just.

WHEREFORE, Plaintiff demands judgment against the Defendant ATEN and John Does 1-5 and 6-10, and in the alternative, together with compensatory damages, punitive damages, costs of

suit, attorney's fee and enhancements, interest and any other relief the court deems equitable and just.

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby directed to preserve any and all physical, electronic, and/or digital information or data pertaining in any way to Plaintiff's employment, to Plaintiff's allegations, causes of action, or defenses to Plaintiff's allegations or causes of action, as well as any and all evidence pertaining to any party, or employee of any party, including but not limited to physical, electronic and/or digital data (electronically stored information), web pages, social media profiles, pages or identities, emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments, as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered, or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied, and produced.

In terms of paper information, Defendants are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists,

reports, documents, notes, correspondence, photographs, investigative information, and/or other documents which pertain in any way to the controversy, parties, or witnesses in this matter.

## JURY DEMAND & TRIAL COUNSEL DESIGNATION

Plaintiff hereby demands a trial by jury. JoAnn V. Diaz, Esquire of the Law Offices of Eric A. Shore is hereby designated trial counsel.

## CERTIFICATION PURUSANT TO RULE 4:5-1

I, JoAnn V. Diaz, Esquire, hereby certify and state as follows:

1.      I am an attorney, licensed to practice law in the State of New Jersey and am responsible for the above-captioned matter.

2.      To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

*I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.*

LAW OFFICES OF ERIC A. SHORE

By: _____
JOANN V. DIAZ, ESQUIRE

Dated: 1/30/19

JoAnn V. Diaz, Esquire
Attorney ID: 012041997
LAW OFFICES OF ERIC A. SHORE
4 Echelon Plaza,
201 Laurel Rd., 8th Floor
Voorhees, NJ 08043
(856) 761-3735
Attorneys for Plaintiff Sydney Guerrero

| | |
|---|---|
| **SYDNEY GUERRERO**<br>          Plaintiff,<br><br>                    vs.<br><br>**ATEN TECHNOLOGY, INC.; and,**<br>**John Does 1-5 and 6-10**<br>          **Defendant** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**SOMERSET COUNTY**<br><br>Docket Number<br>_____<br><br>Civil Action |

## VERIFICATION

    I, Sydney Guerrero, Plaintiff in the annexed Complaint, hereby state that I have reviewed the foregoing factual allegations of the Complaint against Defendant, Aten Technology, Inc., and verify that the statements therein are true to the best of my information, knowledge and belief.

Date:

_____
Sydney Guerrero (Jan 17, 2019)

Sydney Guerrero

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| JoAnn V. Diaz, Esq. | (856) 761-3735 | Somerset ▾ |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| The Law Offices of Eric A. Shore | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 4 Echelon Plaza, 8th Floor 201 Laurel Road Voorhees, NJ 08043 | Complaint with Jury Demand |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Sydney Guerrero, Plaintiff | Sydney Guerrero v. Aten Technology, Inc.; and John Does 1-5 and 6-10 |

| CASE TYPE NUMBER (See reverse side for listing) 618-LAD | HURRICANE SANDY RELATED? ☐ YES ■ No | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ No |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ■ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

| ATTORNEY SIGNATURE: | *[signature]* |
|---|---|

Effective 10/10/2018, CN 10517

SOM-L-000123-19   01/30/2019 2:44:53 PM   Pg 2 of 2 Trans ID: LCV2019189083

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS
- 625 FIREFIGHTER HEARING LOSS LITIGATION
- 626 ABILIFY
- 627 PHYSIOMESH FLEXIBLE COMPOSITE MESH
- 628 TAXOTERE/DOCETAXEL
- 629 ZOSTAVAX

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

# Civil Case Information Statement

## Case Details: SOMERSET | Civil Part Docket# L-000123-19

**Case Caption:** GUERRERO SYDNEY  VS ATEN
TECHNOLOGY, INC .

**Case Initiation Date:** 01/30/2019

**Attorney Name:** JO ANN VELTRUP DIAZ

**Firm Name:** ERIC A. SHORE, PC

**Address:** 201 LAUREL RD 8TH FL

VOORHEES NJ 08043

**Phone:**

**Name of Party:** PLAINTIFF : Guerrero, Sydney

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**

**transaction or occurrence)?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>01/30/2019</u>
Dated

<u>/s/ JO ANN VELTRUP DIAZ</u>
Signed





P1300599

SYDNEY GUERRERO
PLAINTIFF
- vs -
ATEN TECHNOLOGY, INC., ET AL
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION SOMERSET COUNTY
Docket No. SOM-L-000123-19

**Person to be Served**
ATEN TECHNOLOGY, INC.
220 DAVIDSON AVENUE SUITE 404
SOMERSET, NJ 08873

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:** SUMMONS , JURY DEMAND, COMPLAINT, CIVIL CASE INFORMATION STATEMENT, CERTIFICATION, DESIGNATION OF TRIAL COUNSEL, VERIFICATION, TAN, PLAINTIFF'S FIRST SET OF INTERROGATORIES, CERTIFICATION, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, CERTIFICATION, NOTICE OF ANTI-SPOLIATION/PRESERVATION OF EVIDENCE
**Service Data:**
Served Successfully __X__ Not Served _____ Date: __02/26/2019__ Time:__11:01AM__ Attempts: _____

____ Delivered a copy to him/her personally

____ Left a copy with a competent household member of over 14 years of age residing therein.

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of person served and relationship / title:

OLIVIA KAO

OPERATIONS ANALYST

**Description of Person Accepting Service:**
SEX: **FEMALE**    COLOR: **ASIAN**    HAIR: **BLACK**    APP.AGE: **50**    APP. HT: **5'5**    APP. WT: **140**
OTHER:

**Comments Or Remarks:**

I, PATRICK PERSICANO, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server Date

Sworn to before me this
____ day of _____ ,2019

Client File Number:

NJLS Process Service
2333 U.S. Hwy 22 West
Union, NJ 07083
908-686-7300

TINA GIORDANO
NOTARY PUBLIC OF NEW JERSEY
Comm. # 2428940
My Commission Expires 1/17/2023

# EXHIBIT C

**STATE OF NEW JERSEY**
**DEPARTMENT OF THE TREASURY**
**DIVISION OF REVENUE AND ENTERPRISE SERVICES**
**LONG FORM STANDING WITH OFFICERS AND DIRECTORS**

**ATEN TECHNOLOGY, INC.**
*0101041984*

*I, the Treasurer of the State of New Jersey, do hereby certify that the above-named California Foreign For-Profit Corporation was registered by this office on August 08, 2016.*

*As of the date of this certificate, said business continues as an active business in good standing in the State of New Jersey, and its Annual Reports are current.*

*I further certify that the registered agent and office are:*

> OLIVIA KAO
> 220 DAVIDSON AVE
> SUITE 404
> SOMERSET, NJ 08873

*I further certify that as of the date of this certificate, the following were listed as officers/directors of this business on the last Annual Report filed in this office on November 13, 2018.*

| | |
|---|---|
| CHIEF EXEC. OFFICER (CEO) | Sun-Chung Chen |
| | 15365 Barranca Parkway |
| | Irvine, CA 92618-9261 |
| SECRETARY | Grace Chen |
| | 15365 Barranca Parkway |
| | Irvine, CA 92782-9278 |

*Continued on next page...*

*Page 1 of 2*

### STATE OF NEW JERSEY
### DEPARTMENT OF THE TREASURY
### DIVISION OF REVENUE AND ENTERPRISE SERVICES
### LONG FORM STANDING WITH OFFICERS AND DIRECTORS

## ATEN TECHNOLOGY, INC.
*0101041984*



*IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal at Trenton, this 15th day of March, 2019*

*Elizabeth Maher Muoio*
*State Treasurer*

*Certificate Number : 6095792878*

*Verify this certificate online at*

*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp*